## DEMPSEY VS. FENNO, SURV.

The 10*th*, 11*th*, *and* 12*th secs. of chap.* 148, *Digest*, embrace guardian's bonds; and the
securities in such bonds, may well apply. by petition to the Probate Court to require
the guardian to give a new bond.

It is not necessary to give the Circuit Court jurisdiction on appeal from the Probate
Court, that a bill of exceptions should have been filed, where the record itself pre-
sents every thing necessary to a full adjudication of the case.

There can be no question in respect to the constitutionality of the law granting the
right of appeal from the Probate Court, and authorizing a trial *de novo* in the Circuit
Court.

Where a demurrer, involving merely a question of law, has been sustained by the Pro-
bate Court, and on appeal to the Circuit Court, the judgment of the Probate Court is
reversed: the Circuit Court ought to remand the cause to the Probate Court, that a
trial may be there had upon the merits.

The charge that a guardian is not solvent and responsible; or that he keeps possession
of, and uses the slaves of his ward instead of hiring them out according to law, is
sufficient to sustain a petition, on the part of his securities, to be relieved from fur-
ther liability on his bond.

*Appeal from the Circuit Court of Pulaski County.*

Hon. WM. H. FEILD, Circuit Judge.

This was a petition filed in the Probate Court by James Law-
son and Joseph Fenno, who are the securities of the appellant in
a guardian's bond, setting forth that he is not solvent and respon-
sible; and that he has in his hands five or six slaves, the property
of his ward, which he does not hire out, as he ought to do,
but keeps them in his own employment, and for his own use;
averring, that they are unwilling, and refuse absolutely longer,
to remain bound on his bond; and praying that they may be dis-
charged from said bond; that he give bond with other securities,

or be discharged from his guardianship. The guardian demurred to the petition, and his demurrer was sustained. The securities appealed to the Circuit Court. The judgment of the Probate Court was set aside, the demurrer overruled, and final judgment forthwith rendered in accordance with the prayer of the petition.

BERTRAND, for the appellant.

S. WILLIAMS, for the appellee.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

This was a proceeding instituted in the Pulaski Probate Court, to compel the appellant to execute a new bond, or to submit to a revocation of his authority as such guardian. The proceeding is supposed to have been predicated upon the 10th, 11th, and 12th sections of chapter 148, of the Digest. It is contended that this class of bonds is not embraced within the provisions of the act referred to; and, that consequently, the courts, through which this case has passed, have acquired no jurisdiction over it. Much stress has been laid upon the terms "office" and "officer," and considerable argument has been employed to show that the place of a guardian is not an office, and that, as a matter of course, he himself is not an officer, within the meaning of the act in question. True it is, that this class of bonds is expressly excepted out of the operation of the two first sections of the act; but this, we presume, was not from any indisposition, on the part of the Legislature, to relieve securities in such bonds, but simply because the remedy therein provided, in cases of private contracts for the direct payment of money, or the delivery of property, could not be made to apply to such instruments. The fact, then, that they were excepted out of the operation of the two first sections, can afford no evidence that they were not intended to be embraced within the subsequent provisions of the act. True it is, that the special act, under the title of GUARDIANS AND WARDS, and chap-

*ter* 80 *of the Digest*, provides for the removal of guardians, for good cause shown; and also, for the ruling of the guardian to additional security. It will be perceived, that this act looks alone to objections which may be urged, either against the guardian himself or his securities, and not to such as might be urged of a nature entirely personal to the security. This being the state of case, it was very natural that the Legislature, in passing an act for the relief of securities in official bonds generally, should have intended to embrace the class under consideration. This act, for the benefit of securities, is purely remedial in its nature; and is, consequently, entitled to a fair and liberal construction, and although the term "guardianship" might not, in a strict and technical sense, convey the idea of an office, yet, in a more enlarged and comprehensive point of view, it most clearly would do so. Indeed if there could be a doubt upon this subject, it would vanish upon a reference to the 12*th section* of the special act already referred to, as it is there distinctly denominated an office. We think, however, that it cannot be very material, under which act the securities intended to proceed, as either is broad enough for the case, as made by the petition, and certainly the appellant cannot justly complain, since he has had a fair and ample notice of the intended application; and, also, of the facts charged against him. No more could have been done under either act, and so much having been done, he has no just cause of complaint. But it is insisted, that although the proceeding may have been properly instituted, yet the law regulating proceedings in the Probate Courts has not been complied with, so as to bring this case within the jurisdiction of the Circuit Court; and that, consequently, none has attached to this court. The ground assumed, is that the only mode, by which an appeal can be prosecuted from the Probate to the Circuit Court, is by a bill of exceptions, and that there being no such bill in this case, no jurisdiction could attach to the Circuit Court; and, as a necessary consequence, none could be legally exercised by this Court. It is conceded, that the 179*th section* *of chapter* 4 *of the Digest*, provides, that in all cases where ap-

peals are allowed, the party appealing, his agent, or attorney, may tender to the court, during the term at which the appeal is asked, a bill of exceptions, specially setting forth each item, the allowance or rejection of which is objected to, and the decision of the court. Here is merely a power to save the facts necessary to be brought upon the record by a bill of exceptions; but it, by no means, follows that no appeal will lie where the record itself presents everything necessary to a full adjudication of the case. The whole proceedings in this case consisted of a petition, demurrer, and joinder, and a judgment of the Probate Court upon the issue formed. Here, then, there was no office to be performed by a bill of exceptions, since the record itself presented every fact, and the decision of the court as to the law arising upon those facts. There can be no doubt of the correctness of this construction, since the passage of the act of January 4th, 1849, even admitting that there could have existed a doubt before that event. But it is objected that the Circuit Court acquired no jurisdiction to try the case *de novo*, as it would be a virtual transfer of the constitutional jurisdiction of the Probate Court, to that of the Circuit; and even admitting that it had rightful jurisdiction, yet, it was error to pronounce final judgment upon the overruling of the demurrer. In respect to the first proposition, it is sufficient to remark, that under the constitution the Probate Court has no exclusive jurisdiction whatever. The 10*th section* of that instrument, provides that it shall have such jurisdiction in matters relative to the estates of deceased persons, executors, administrators, and guardians, as may be prescribed by law, until otherwise directed by the General Assembly. There can be no question, therefore, in respect to the constitutionality of the law granting the right of appeal and authorizing a trial *de novo*, in the Circuit Court. The second, it must be conceded, is not altogether free from difficulty, but we are of opinion that it is well taken. The 181*st section of chapter* 4 *of the Digest*, provides that, "on every appeal the Circuit Court shall determine the points made to the decision, to which exceptions have been filed; and if the Circuit

Court should be of opinion that the court of probate erred in relation to any material question of law or fact, the Circuit Court shall try the matter *de novo;* and such court shall make the same order and decision, that ought to have been made by the court of probate."

Now what was the question presented here? Most clearly a question of law; and, of course, under the statute, that and no other was the matter to be tried *de novo,* and in regard to which alone the same order and decision was made that the Probate Court should have made. The question then is, what order should the Probate Court have made upon the question of law raised by the demurrer. We think that it should have overruled the demurrer, and have put the appellant to answer; and, if so, it is clear that the only order this court can now make under the statute, is one of like effect. We think, therefore, that the Circuit Court erred in proceeding to render judgment upon the merits of the case, which were not properly before it, but that it should have corrected the error of law, and have remanded the case for further proceedings. This case bears no analogy to the class of cases provided for under the 4*th chapter of the Digest.* Indeed, the right of appeal, in a case like this, is not granted by it, and the act extending the jurisdiction by appeal, embracing this class of cases—makes no provisions for trial, but leaves the manner of proceedings to be governed by the law as it then stood, and when applied to the particular cases therein enumerated, it must be done with proper allowance for the nature of the case presented by appeal. This will be seen, at once, by reference to the proceedings under *chapter* 4, *section* 179, which provides, that bills of exceptions shall set forth each item allowed or rejected, and the decision of the court upon it, referring directly to the cause for which appeals were allowed by statute; so that the mode of proceeding in *section* 181, was directly in reference to accounts, items of charge, &c., which were matters of fact, and the law arising upon them, and not to applications like the present. This was a final judgment upon demurrer, and is embraced by the 1*st section of*

*the act of* 1849, *at page* 59, which extends the right of appeal from the Probate Court. This act simply refers to the manner of proceeding under the 4*th chapter of the Digest,* as alike applicable to the appeals therein allowed; but, of course with due consideration of the case appealed from, and the matter put at issue before the Circuit Court. The petition presents two distinct charges against the guardian; and we think that both are sufficient in law. There can be no doubt about the first, as no man can be held responsible against his will for a guardian, who is utterly insolvent and irresponsible. The second is also believed to be a violation of the undertaking of the guardian, and to amount to mismanagement of the estate. True it is that there is no statute directly requiring guardians to hire out the slaves of his minor, yet it is believed, from the analogy between them and executors and administrators, and also from the act of 29th December, 1852, that they have no discretion upon the subject without an express order of the Probate Court. See *Welch vs. Cole,* 14 *Ark. R.* 401. The 1*st section* of this act provides "that guardians at law having the custody and control of negroes, slaves for life, the property of their wards, shall not be required to hire the same out at public vendue, but may hire the same out at private hiring; observing, in all instances, a due regard to the preservation and proper use of the property and best interest of the ward." We think that this act implies a plain negation of his power to keep them at home, and in his own employment without the express order of the Probate Court. The Circuit Court, therefore, decided correctly in overruling the demurrer, but erred in proceeding to render final judgment upon the merits. The judgment is therefore reversed, and the cause remanded, to be proceeded in according to law, and not inconsistent with the opinson herein delivered.

Mr. Chief Justice ENGLISH, not sitting in this case.